IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APL CO. PTE., LTD. and AMERICAN PRESIDENT LINES, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> J.R.J. ENTERPRISES, INC., <br><br> Defendant. | ) Case No. 10-2253 SC <br> ) <br> ) ORDER GRANTING MOTION FOR <br> ) DEFAULT JUDGMENT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**I.    INTRODUCTION**

Plaintiffs APL Co. Pte., Ltd. and American President Lines, Ltd. (collectively, "Plaintiffs") seek entry of Default Judgment against Defendant J.R.J. Enterprises, Inc. ("Defendant"). ECF No. 10 ("Mot."). Plaintiffs allege Defendant breached a service contract by failing to meet minimum cargo commitments. See Docket No. 1 ("Compl."), ¶¶ 6-26. Having considered the papers submitted, the Court concludes that entry of Default Judgment against Defendant is appropriate, and GRANTS Plaintiffs' Motion.

**II.    BACKGROUND**

Plaintiffs are ocean carriers of goods for hire between international ports. Compl. ¶ 6. American President Lines, Ltd. is a Delaware corporation moving cargo to and from the People's

1   Republic of China, Japan, Taiwan, and Mexico; APL Co. Pte., Ltd. is
2   an affiliated Singapore corporation moving cargo to and from other
3   locations.  See Vargas Decl. Ex. A ("Contract No. LA05/0233")
4   § 1(d).[1]  On or about November 18, 2005, Plaintiffs entered into a
5   written service contract with Defendant in which Plaintiffs agreed
6   to transport Defendant's cargo from Columbia and Ecuador to the
7   United States.  Id. App. E.  The contract contained a Minimum
8   Volume Commitment ("MVC") requiring Defendant to tender a minimum
9   of fifty "freight equivalent units" ("FEUs") during the contract
10  term.  Compl. ¶¶ 8-9; Contract No. LA05/0233 § 2(b), App. E § 4.
11  The contract also included a liquidated damages or "dead freight"
12  provision, requiring Defendant to pay "deadfreight in the amount of
13  $350 for each FEU by which the MVC . . . exceeds the volume
14  actually tendered."  Compl. ¶ 10; Contract No. LA05/0233 §§ 3(b),
15  6(b).  The contract also includes a clause stating that "[t]he
16  costs and expenses of . . . litigation (including reasonable
17  attorney's fees and costs) shall be borne by the non-prevailing
18  party."  Contract LA05/0233 § 4(a).
19       Plaintiffs allege that Defendant tendered only fourteen FEUs
20  of cargo to Plaintiffs – thirty six fewer FEUs than the MVC -- thus
21  obligating Defendant to pay Plaintiffs liquidated damages of
22  $12,600.  Compl. ¶ 12; Vargas Decl. ¶ 6.  Plaintiffs invoiced
23  Defendant for $12,600, see Vargas Decl., Ex. B ("Invoice"), but
24  Defendant failed to pay.  Compl. ¶¶ 13-14; Vargas Decl. ¶¶ 7-8.
25  Plaintiffs' Complaint was filed on May 25, 2010.  See Compl.  The

---

[1] Jose Alonso Vargas ("Vargas"), a financial analyst in Plaintiffs' accounts receivable and collections department, filed a declaration in support of the Motion.  ECF No. 11.

2

Clerk of the Court entered Default against Defendant on August 31, 2010. Docket No. 15. Plaintiffs seek a Default Judgment of $12,950, the amount owed under the terms of the contract plus $350 for the costs of suit.

### III. LEGAL STANDARD

After entry of a default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Its decision whether to do so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors. As a preliminary matter, the Court must "assess the adequacy of the service of process on the party against whom default is requested." Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. 00-0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). If the Court determines that service was sufficient, it may consider the following factors in its decision on the merits of a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

///
///
///

3

**IV. DISCUSSION**

    **A.  Service of Process**

Defendant is a corporation. Compl. ¶ 5. Accordingly, service of process is governed by Federal Rule of Civil Procedure 4(h). Under Rule 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). On June 7, 2010, a registered New Jersey process server served the Summons and Complaint on Jimmy Machuca, the President of J.R.J. Enterprises, Inc., at Defendant's corporate offices in Fairlawn, New Jersey. See Docket No. 5 ("Proof of Service"); deLangis Decl. ¶ 3.[2] Accordingly, the Court finds service of process on Defendant to be proper.

    **B.  Default Judgment**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Accepting the allegations in the Complaint as true, as it must, the Court finds that the Eitel factors favor default judgment.

Plaintiffs would be prejudiced absent entry of default judgment. Defendant's failure to meet the contractually obligated MVC triggered the liquidated damages provision in the contract. Plaintiffs would be left without a legal remedy if it were denied an entry of default judgment.

---

[2] Mark K. deLangis ("deLangis"), counsel for Plaintiffs, filed a declaration in support of the Motion. Docket No. 12.

Plaintiffs have properly alleged the necessary elements for their causes of action. Plaintiffs and Defendant entered into a facially valid contract; Defendant failed to meet the MVC, triggering the liquidated damages provisions. The Complaint identifies the contract at issue, how it was breached (failure to meet the MVC of fifty FEUs), and the appropriate remedy (liquidated damages of $350 for each FEU by which the MVC exceeds the volume actually tendered). The liquidated damages provisions of $350 per FEU are not so unreasonable as to render the contracts unenforceable. See Cal. Civ. Code § 1671(b) ("a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made").[3] Accordingly, Plaintiffs' Complaint is sufficient.

The amount of money at stake in this action -- $12,600 plus $350 in litigation costs -- is not so great as to preclude default judgment. The amount at issue is also unambiguous and easily calculable in light of the relevant contract provisions.

There is some potential for a dispute concerning material facts in this action; in particular, whether Defendant failed to meet its MVC of fifty FEUs. However, Vargas declares, under penalty of perjury, that Defendant failed to tender the required number of FEUs. Vargas Decl. ¶ 6. Thus this factor favors default judgment.

---

[3] Maritime contract actions are governed by state law, provided state law does not clearly conflict with federal maritime law. See Aqua-Marine Constructors, Inc. v. Banks, 110 F.3d 663, 667-68 (9th Cir. 1997).

In addition, no facts suggest Defendant's failure to participate in this action was due to excusable neglect. Defendant was served with notice of the present action, <u>see</u> Proof of Service, and did not participate. deLangis Decl. ¶ 4. This factor favors entry of default judgment. Finally, while it is preferable to decide cases on the merits whenever possible, Rule 55(b) allows entry of default judgment in situations such as this, where Defendants have failed to litigate.

### C. Remedy

Plaintiffs request liquidated damages of $12,600 plus $350 in costs. The Court finds that Plaintiffs' calculation of liquidated damages to be reasonable and correct in light of the facts alleged and the terms of the contract. The contract also provides for litigation costs to be paid by the non-prevailing party. Contract No. LA05/0233 § 4(a). The Court finds the $350 sought is reasonable given the $350 filing fee imposed by 28 U.S.C. § 1914(a).

## V. CONCLUSION

The Court GRANTS the Motion for Default Judgment filed by Plaintiffs APL Co. Pte., Ltd. and American President Lines, Ltd., in the amount of $12,950.

IT IS SO ORDERED.

Dated: September 24, 2010  
UNITED STATES DISTRICT JUDGE